(C.D. 4842)

TERRA FIRMA SALES CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 75-10-02593

(Dated February 6, 1980)

*Stanley R. Gustafson* for the plaintiff.

*Alice Daniel,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, Field Office for Customs Litigation (*Susan C. Cassell* on the briefs), for the defendant.

## MEMORANDUM OPINION AND ORDER

WATSON, Judge: This action challenges the classification of imported articles having the likeness of flowers. They consist of parts of dried plants which have been glued together to form a flower and then attached to a wrapped wire stem. They were classified as artificial flowers under item 748.21 [1] of the Tariff Schedules of the United States (TSUS) and assessed with duty at the rate of 42.5 per centum ad valorem. Plaintiff claims that they are either free of duty as dried or bleached natural plants under item 748.30 [2] of the TSUS or dutiable at the rate of 5 per centum ad valorem under item 748.25 [3] of the TSUS as cut natural flowers.

Plaintiff argues in effect that artificial flowers must be composed of artificial substances. However, in the opinion of the court, the artificiality of artificial flowers resides in the manner of their creation and not in the synthetic nature of their components. An artificial flower is a flower whose body was not created by nature, and it matters not whether it is made from bits and pieces of natural plants. This court has previously held that the insertion of an artificial stem into a natural flower does not create an artificial flower. *Hub Floral Corp.* v. *United States*, 77 Cust. Ct. 21, C.D. 4669, 422 F. Supp. 283 (1976). However, in that case the essential part of the natural flower remained inviolate. Here, there are no complete flowers of natural origin but rather objects which arose from artificial construction.

There is no ambiguity in the term artificial flowers and no reason to refer to legislative history. In any event, plaintiff's references [4] reveal only that the fabrication of artificial flowers from parts of natural plants was not one of the principle concerns of the legislators. There is no indication that such products were not to be considered artificial.

For the above reasons, the correctness of the classification is apparent and it is clear that plaintiff's motion for summary judgment must be denied at the same time as defendant's cross-motion must be granted. It is therefore

ORDERED, that plaintiff's motion for summary judgment be, and hereby is, denied, and it is further

---

[1] Artificial flowers, trees, foliage, fruits, vegetables, grasses, or grains, parts of the foregoing, and articles made of the foregoing (except articles provided for in item 748.15 or 748.40 of this subpart):

    \*      \*      \*      \*      \*      \*      \*

    Other_____ 42.5% ad val.

[2] Grains, grasses, lichens, mosses, and other natural plants, all the foregoing, and parts thereof, dried, bleached, colored, or chemically treated, suitable for bouquets, wreaths, or other ornamental use:

    Dried or bleached_____ Free

[3] Cut natural flowers, dried, bleached, colored, or chemically treated_____ 5% ad val.

[4] "Summaries of Tariff Information" (1948), vol. 15, part 2, pp. 76, 79; "Summary of Tariff Information" (1929), schedule 14, p. 1976.

ORDERED, that defendant's cross-motion for summary judgment be, and hereby is, granted, and it is further

ORDERED, ADJUDGED AND DECREED, that the liquidated assessment of duties be, and hereby is, affirmed, that plaintiff's claims be, and hereby are, overruled, and that this action be dismissed.